UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| International Markets Live, Inc., | Case No.: 2:21-cv-01241-JAD-VCF |
| Plaintiff | |
| v. | **Order Dismissing and Closing Case for Want of Prosecution** |
| Tylen Figueroa Delaney, | |
| Defendant | |

On October 13, 2023, the court advised plaintiff International Markets Live that its case would be dismissed for want of prosecution if no action was taken by October 23, 2023 because this case had been pending for more than 270 days with no activity.[1] International Markets Live took no action by that deadline, so I dismiss this case sua sponte under Local Rule 41-1 for want of prosecution.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2] A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules.[3] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

---

[1] ECF No. 8 (minute order regarding intent to dismiss for want of prosecution).

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules); *see also* Local Rule 41-1 (authorizing dismissal of civil actions pending for "more than 270 days without any proceeding of record having been taken").

(4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[5] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[6] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[7] Because this action cannot realistically proceed without the plaintiff moving it forward, the only alternative is to enter a second order setting another deadline. But given that the plaintiff has ignored this case for an entire year, the likelihood that the second order would prompt action is low, so issuing a second order will only delay the inevitable and further squander the court's finite resources. So the fifth factor favors dismissal.

---

[4] *Henderson*, 779 F.2d at 1423–24.

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[7] *Henderson*, 779 F.2d at 1424.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **this action is DISMISSED** without prejudice for want of prosecution.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
October 31, 2023